UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

MONICA NIXON,
    Plaintiff,

v.

CASE NO.: 6:12-cv-401-Orl-22 KRS

JURY TRIAL DEMANDED

ENHANCED RECOVERY COMPANY, LLC.
    Defendants.

_____/

## COMPLAINT

### I. JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 15 U.S.C. § 1681p and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action is for statutory damages which arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and Florida Consumer Collections Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

### II. PARTIES

4. Plaintiff, MONICA NIXON, (hereinafter "Ms. Nixon" or "Plaintiff"), is a natural person who resides in the City of Orlando, County of Orange, State of Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c), 15 U.S.C. § 1692a(3), and a "consumer" and "debtor" within the meaning of Fla. Stat.§ 559.55(2).

5. Defendant ENHANCED RECOVERY COMPANY, LLC (hereinafter "ENHANCED RECOVERY"), is a limited liability Company which upon information and belief is registered and authorized to do and doing business in the State of Florida, and is a creditor within the meaning of Fla. Stat. § 559.55(6), and is a person who furnishes

1

information to consumer reporting agencies under 15 U.S.C § 1681s-2 and is subject to the series of duties and prohibitions upon any person or entity that furnishes information to a consumer reporting agency.

### III. FACTUAL ALLEGATIONS

6. Plaintiff, MONICA NIXON was the subject of collection efforts and credit reporting concerning a debt, defined under the meaning and purview of the FDCPA, FCRA, and FCCPA.
7. Plaintiff MONICA NIXON disputed the inaccurate information with Defendant by written communication, to its representatives and by following Defendants' established procedure for disputing consumer credit information.
8. Plaintiff MONICA NIXON's dispute was not frivolous or irrelevant.
9. Specifically, Plaintiff asserts that she did not owe the money claimed to be owed by Defendant.
10. Furthermore, Ms. Nixon advised ENHANCED RECOVERY that she was represented by counsel and provided them with the attorney's name and address.
11. Despite being aware that Ms. Nixon was represented by counsel, employees of ENHANCED RECOVERY communicated with Ms. Nixon directly without the prior consent of Ms. Nixon, Ms. Nixon's attorney, or the express permission of a court of competent jurisdiction.
12. Despite the inaccuracy of the debt, Defendant continues to report the inaccurate information to the credit reporting agencies.
13. The inaccurate information negatively reflects upon Plaintiff MONICA NIXON's credit repayment history, Plaintiff MONICA NIXON's financial responsibility as a debtor, and Plaintiff MONICA NIXON's credit worthiness.
14. There was no indication in Plaintiff's credit report that Defendant Enhanced Recovery's account was disputed.
15. Defendant Enhanced Recovery continues to report its inaccurate information without noting that the information is disputed.
16. Plaintiff, MONICA NIXON has been damaged, and continues to be damaged, in the following ways:

a. Denial of credit;

b. Out-of-pocket expenses associated with disputing the information only to find the information to remain on the credit report;

c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

d. Decreased credit score which may result in inability to obtain credit on future attempts.

17. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants, and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## IV. COUNT ONE
## (VIOLATIONS OF FAIR CREDIT REPORTING ACT)

18. Plaintiff realleges and incorporates Paragraphs 1 through 17 as if fully set forth herein.

19. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

20. Pursuant to 15 U.S.C. §§ 1681n, 1681o Defendant, ENHANCED RECOVERY are liable to Plaintiff for engaging in the following conduct:

   a. Willfully and/or negligently publishing, disseminating, verifying and reporting false and inaccurate information with actual knowledge of the error in violation of 15 U.S.C. § 1681s-2.

   b. Willfully and/or negligently failing to note Plaintiff's dispute of the inaccurate information to credit reporting agencies in violation of 15 U.S.C. § 1681s-2(a)(3);

   c. Willfully and/or negligently publishing, disseminating, verifying and reporting false and inaccurate information *after notice and confirmation of errors.*

   d. Willfully and/or negligently publishing, disseminating, verifying and reporting false and inaccurate information without *correcting and updating information* in violation of 15 U.S.C. § 1681s-2.

21. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages, and harm to Plaintiff that are outlined more fully above, and, as a result, Defendant is liable to Plaintiff for the full amount of

3

statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V. COUNT TWO
### (VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT)

22. Plaintiff realleges and incorporates Paragraphs 1 through 17 as if fully set forth herein.

23. At all times relevant, Defendant, ENHANCED RECOVERY, alone or in concert, joint venture, partnership and/or some other contractual arrangement willfully failed to comply with the requirements imposed under the FDCPA, 15 U.S.C. § 1692 et seq., by violating 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of the debt, 15 U.S.C. § 1692e(8) by communicating to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed and 15 U.S.C. § 1692e(11) by the failure to disclose in the initial written communication with the consumer and the failure to disclose in subsequent

24. As a result of Defendant, ENHANCED RECOVERY's violation of the FDCPA, plaintiff was caused to suffer the injuries, damages, and harm to Plaintiff that are outlined more fully in Paragraph 23, and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI. COUNT THREE
### (VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT)

25. Plaintiff realleges and incorporates Paragraphs 1 through 17 as if fully set forth herein.

26. Defendant ENHANCED RECOVERY are "creditors" within the meaning of FCCPA, Fla. Stat. § 559.55(6).

27. In connection with the subject debt, Defendant ENHANCED RECOVERY engaged in illegal collection practices as are more particularly described below:
    a. Willfully, wantonly, and maliciously, without regard to their effect on the Plaintiff, made numerous false and misleading statements to credit bureaus, third parties, persons, and entities both known and unknown, indicating and implying that Plaintiff would not pay her debts, without any disclosure to the recipients of the statements that the debt was and is disputed by plaintiff, in violation of Fla. Stat. § 559.72 (6) and Claim, attempt, or

4

threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist in violation of Fla. Stat. § 559.72(9).

28. As a direct and proximate result of the conduct and acts of the Defendant ENHANCED RECOVERY, Plaintiff's good credit rating has been impaired, and Plaintiff has suffered injuries, damages, and harm to Plaintiff that are outlined more fully in Paragraph 27, and, as a result, Defendants are liable to Plaintiff for the full amount of statutory damages of $1000.00, actual, and punitive damages, along with the attorney's fees and the costs of litigation.

## VII. COUNT FOUR
## (SLANDER)

29. Plaintiff MONICA NIXON realleges and incorporates Paragraphs 1 through 17 as if fully set forth herein.

30. As a result of Defendants' acts, Plaintiff MONICA NIXON has been slandered and sustained damages thereby.

31. Plaintiff, MONICA NIXON is entitled to his attorney fees.

## VIII. COUNT FIVE
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

32. Plaintiff MONICA NIXON realleges and incorporates Paragraphs 1 through 17 as if fully set forth herein.

33. As a result of Defendants' intentional acts, Plaintiff MONICA NIXON has suffered and continues to suffer emotional distress and other diminishments of Plaintiff MONICA NIXON's quality of life.

34. Plaintiff, MONICA NIXON is entitled to his attorney fees.

## IX. COUNT SIX
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

35. Plaintiff MONICA NIXON realleges and incorporates Paragraphs 1 through 17 as if fully set forth herein.

36. As a result of Defendants' negligent acts, Plaintiff MONICA NIXON has suffered and continues to suffer emotional distress and other diminishments of Plaintiff MONICA NIXON's quality of life.

37. Plaintiff MONICA NIXON is entitled to his attorney fees.

### X. COUNT SEVEN
### (INJUNCTION)

38. Plaintiff MONICA NIXON repeats and realleges all paragraphs 1-17 with the same force and effect as if the same were set forth more fully at length herein.

39. As a result of Defendants' conduct, MONICA NIXON faces the likelihood of substantial and immediate, irreparable harm.

40. Plaintiff's MONICA NIXON remedies at law are insufficient to protect her from future harm.

41. Plaintiff seeks an injunction requiring each of the Defendants to permanently cease and desist the dissemination of credit information that is inaccurate or obsolete.

### XI. DEMAND FOR JURY TRIAL

42. Plaintiff demands trial by jury on all issues so triable.

### XII. CLAIM FOR RELIEF

WHEREFORE, Plaintiff MONICA NIXON seeks judgment in their favor and damages against the Defendants, based on the following requested relief:

a. Actual damages;
b. Statutory damages;
c. Punitive damages;
d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o;
e. An order directing the Defendants immediately delete all of the inaccurate information from Plaintiff MONICA NIXON's credit reports and files, and cease reporting the inaccurate information to any and all person and entities to whom they report consumer credit information;

6

f. An order directing the Defendants to send to all persons and entities to whom they have reported Plaintiff's MONICA NIXON inaccurate information within the last year Plaintiff's updated and corrected credit report information;

g. An order directing that Defendants to compensate the Plaintiffs MONICA NIXON for the humiliation caused by the Defendant's unlawful treatment in an amount to be determined at trial;

h. Such other and further relief as may be necessary, just, and proper.

Respectfully submitted,

Christine S. Hansley, Esq.
Fla. Bar No. 732151
C.S. Hansley Law Firm, LLC.
283 Cranes Roost Boulevard
Suite 111
Altamonte Springs, FL 32701
Telephone: (877)-616-9589
Facsimile: (407)-567-7630
Attorney for Plaintiff

7

# **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF FLORIDA            )
                            ) ss
COUNTY OF ORANGE            )

Pursuant to 28 U.S.C. § 1746, Plaintiff Monica Nixon, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _March_ , _7_ , _2012_
             Month     Day      Year

_____
Signature

8